# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| AVRAIL T. CLARK,<br>　　　　　　　Appellant, | DOCKET NUMBER<br>AT-315H-16-0167-I-1 |
| 　　　v. | |
| DEPARTMENT OF AGRICULTURE,<br>　　　　　　　Agency. | DATE: September 23, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronnie Hubbard, Jackson, Mississippi, for the appellant.

Joshua N. Rose, Esquire, and Valerie J. Neris, Washington, D.C., for the
agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of her probationary termination from her competitive-service position of Food Inspector. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2　　On July 26, 2015, the appellant received a career-conditional appointment to the competitive-service position of Food Inspector, subject to the satisfactory completion of a 1-year probationary period. Initial Appeal File (IAF), Tab 8 at 39. About 4 months later, on November 20, 2015, the agency terminated her appointment during the probationary period based on her misuse and abuse of a Government credit card. IAF, Tab 1 at 2, Tab 8 at 20-22. Specifically, the agency alleged that the appellant made charges on her Government credit card while not in an approved travel status, received unauthorized cash disbursements, and received notice that her card was suspended due to a 60-day past due balance. IAF, Tab 8 at 20‑21.

¶3　　She appealed her termination and alleged harmful error. IAF, Tab 1 at 1-2. She requested a hearing and designated a representative. *Id.* at 1, 5. The administrative judge advised her that, as a probationary employee, the Board might not have jurisdiction over her termination. IAF, Tab 3 at 2. The

administrative judge ordered the appellant to file evidence or argument addressing the jurisdictional issue. *Id.* at 4‑5. The appellant did not respond, and the agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 8 at 6-16.

¶4 Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1. The administrative judge found that the appellant had no prior Federal service and was terminated less than 1 year into her initial probationary period and, thus, she had no statutory right to appeal an adverse action under 5 U.S.C. chapter 75. ID at 3-4 (citing 5 U.S.C. § 7511(a)(1)). The administrative judge further found that the appellant failed to nonfrivolously allege that her probationary termination was based on preappointment reasons, partisan political discrimination, or marital status discrimination, and thus the Board lacks jurisdiction pursuant to 5 C.F.R. § 315.806. ID at 4‑5. Finally, he found that the Board lacks jurisdiction over any claims of harmful error absent an otherwise appealable action. *Id.*

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

¶6 On review, the appellant does not contest the administrative judge's jurisdictional findings, but she reiterates her argument that the agency engaged in harmful error by issuing her a Government credit card before she was employed by the agency and prior to giving her training on the use of the card. *Id.* at 4. She further claims that she did not charge anything to the credit card after she received training on August 21, 2015. *Id.* In support of her argument, the appellant submits a list of instructions for credit card use and a job-site orientation checklist, which she signed on August 21, 2015. *Id.* at 7‑9.

¶7 We find that the appellant's arguments on review do not provide a reason to disturb the initial decision. The appellant bears the burden of proving by

preponderant evidence[2] that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). Generally, if an appellant makes a nonfrivolous allegation[3] of Board jurisdiction over an appeal, she is entitled to a jurisdictional hearing. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). By statute, the Board has jurisdiction over a Federal employee's removal from service. 5 U.S.C. §§ 7512, 7513(d). As relevant here, an "employee" is an individual in the competitive service who is not serving a probationary or trial period under an initial appointment or who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. *See* 5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341 (Fed. Cir. 2002). An individual who does not meet this definition of "employee" may have a limited regulatory right to appeal if she alleges that her termination from a competitive-service position was based on partisan political reasons or marital status discrimination, or that her termination was based in whole or in part on conditions arising before her appointment and was not effected in accordance with certain procedural requirements. 5 C.F.R. §§ 315.806(b)-(c), 315.805.

¶8        Here, the appellant's arguments on review do not relate to the dispositive issue of jurisdiction in this case and therefore are not relevant. We find no reason to disturb the administrative judge's explained findings that the appellant failed to make a nonfrivolous allegation that she is an "employee" with chapter 75

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

appeal rights or has a regulatory right to appeal for the reasons described in 5 C.F.R. § 315.806. ID at 3-5. Because the Board lacks jurisdiction over this probationary termination appeal, the Board lacks independent jurisdiction to adjudicate the appellant's harmful error claims. ID at 4; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that the Board lacks jurisdiction over an appellant's harmful error claim absent an appealable underlying action). Further, we find that the documents the appellant submits with her petition for review are not relevant to the issue of the Board's jurisdiction over her appeal and, therefore, are not material to the outcome of this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); 5 C.F.R. § 1201.115.

¶9    Accordingly, we find no reason to disturb the administrative judge's finding that the Board lacks jurisdiction over the appeal, and we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             Jennifer Everling
                             Acting Clerk of the Board

Washington, D.C.